```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiffs,        )          4:06CR3075
                               )
       v.                      )
                               )
KENNETH SLOMINSKI, HAROLD      )       REPORT, RECOMMENDATION,
TITUS SWAN,                    )             AND ORDER
                               )
            Defendants.        )
                               )
```

Pending before me are the following motions:

- Defendant Swan's motion to sever, filing 21;

- Defendant Swan's motion to compel disclosure of Rule 404(b) Evidence, filing 22;

- Defendant Swan's motion to dismiss, filing 23;

- Defendant Swan's motion to compel production of exculpatory materials, filing 24;

- The defendants' joint motion for bill particulars, filing 25;

- The government's motion to strike evidence offered in support of defendant Swan's motion to dismiss, filing 40; and

- The defendant's motion for leave to file a reply brief, filing 46.


The defendant's motion for leave to file a reply brief, filing 46, will be granted. The arguments set forth in defendant's reply brief, which is attached to his motion, have been considered in ruling on the pending motions.

For the reasons discussed herein, I shall grant the government's motion to strike and recommend that the court deny

defendant's motion to dismiss, and I shall deny the remaining motions filed by the defendant.

## Motion to Sever
### (filing 21)

Defendant Swan requests an order severing his trial from that of co-defendant Kenneth Slominski on the grounds that Swan will be impermissibly prejudiced by a joint trial.  After the motion to sever was filed, Slominski moved to enter a guilty plea.  A change of plea hearing was held before the undersigned on January 5, 2007.  Defendant Slominski entered a plea of guilty, and the court has accepted that plea.  See filings 41 & 48.  The case against Slominski will now proceed to the sentencing phase.  Filing 48.

Since the indictment against Slominski will not be tried, Swan, as the sole remaining defendant, will be tried alone. Accordingly, his motion to sever must be denied as moot.

## Motion to Compel Disclosure of Rule 404(b) Evidence
### (filing 22)

Rule 404(b) of the Federal Rules of Evidence states that evidence of a criminal defendant's prior crimes, wrongs, or acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, "provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."  F.R.E 404(b).  The notice requirement of Rule 404(b) "is intended to reduce surprise

and promote early resolution on the issue of admissibility."
F.R.E. 404(b), Committee Note to 1991 Amendments.

Counsel for the government states he "does not believe that there is any 404(b) evidence which is going to be offered in the case-in-chief involving Swan." Filing 39 (government's brief), p. 2. The government further agrees to the entry of an order requiring it to disclose such evidence to Swan if, at a later time, it chooses to offer Rule 404(b) evidence at trial. Accordingly, the defendant's motion to disclose 404(b) evidence at this time will be denied. However, in anticipation that the circumstances may change prior to trial, I shall also order that should the government later decide to offer Rule 404(b) evidence at trial, it must disclose this evidence to the defendant on or before May 31, 2007.

### Motion to Compel Production of Exculpatory Materials
### (filing 24)

Defendant Swan claims the government has not produced all the <u>Brady</u> or <u>Giglio</u> material to which he is entitled. Specifically, the defendant requests an order requiring the government to produce:

- Exculpatory statements obtained by the FBI from the farmer-borrowers of the First National Bank of Holdrege;

- Exculpatory witness statements from Office of the Comptroller of the Currency ("OCC") investigators interviewed by the FBI;

- Rough notes from FBI agents conducting interviews in this case;

3

- Exculpatory witness statements from any witness negating "intent to deceive";

- Any notes, correspondence, and statements from the Office of the Comptroller of the Currency demonstrating that the books and records of the First National Bank of Holdrege accurately reflected the loan transactions alleged in the indictment; and

- Any deals, agreements or understandings, written or oral, with any government witness.

Filing 24.

The government objects to defendant's motion for production of exculpatory materials, explaining that the government has already produced:

- Copies of all 302's currently in the possession of the United States;

- Copies of all reports from the Office of the Comptroller of the Currency; and

- All documentary evidence in the possession of the United States Attorney's Office provided by the FBI and the Office of the Comptroller of the Currency.

Filing 39 (government's brief), p. 2.

The government requests "that the court enter an order which sets forth the current status of case law regarding the production of exculpatory material, and . . . reflecting that the United States should provide any exculpatory material as set forth in Brady v. Maryland, 363 U.S. 83 (1964) and Giglio v. United States, 405 U.S. 150 (1972), [but] reject the argument set forth by Swan that the items listed in his motion constitutes [sic] exculpatory material." Id. The government argues there is "no evidence before the court that any such exculpatory material exists or should be produced by the United States." Id. The

4

defendant requests an in camera review to verify this statement. Citing Newton v. Kemna, 354 F.3d 776, 784 (8th Cir. 2004), the defendant claims he has a due process right to a judicial determination of whether the requested information is favorable to the accused and material to his defense.  Filing 24 (defendant's brief), p.10.

   1.   Farmer-Borrower Statements Obtained by the FBI.

The defendant believes FBI agents have contacted all of the farmer-borrowers connected to the Hedge-to-Arrive notes and these interviews likely produced exculpatory statements, including statements evidencing a lack of deception on the part of defendant Swan, yet FBI Form 302 reports[1] from every farmer-borrower have not been produced.[2]  The government responds that "[t]o the extent that any FBI 302 reports have been prepared, those reports have been turned over to the defense.  More importantly, there is no indication that any of the supposed interviews have resulted in exculpatory information being provided."  Filing 39 (government's brief), p. 3.

Brady requires the prosecution to furnish the defendant with all exculpatory information in the possession of or reasonably available to the prosecution.  When a defendant files a motion to

---

   [1]An FBI Form 302 report is an internal investigative report compiled by an agent from notes taken contemporaneously during a surveillance or an interview of a suspect or witness.  Kiley v. U.S., 260 F.Supp.2d 248, 254 n. 4 (D.Mass. 2003); U.S. v. Holihan, 236 F. Supp. 2d 255, 263-64 (W.D.N.Y. 2002).

   [2]Since the argument raised in support of compelling production of farmer-borrower 302 reports is nearly identical to that advanced in requesting all statements from witnesses evidencing Swan's lack of deception, (see filing 24, p. 1, ¶ 4, and pp. 5 & 7-8), these claims will be discussed together.

compel alleging Brady materials have been withheld, the defendant must make a preliminary showing demonstrating that the information he requests is exculpatory.  U.S. v. Krauth, 769 F.2d 473, 476 (8th Cir. 1985).

The government states that it has turned over all farmer-borrower witness reports, and there is no evidence to the contrary.  Swan's belief[3] that additional 302 interview statements should exist, and that these statements may be exculpatory, does not constitute a showing that the government has withheld exculpatory witness reports.  Accordingly, the defendant has failed to make the threshold showing necessary for an order compelling the production of additional farmer-borrower statements.  Krauth, 769 F.2d at 476 (affirming trial court's denial of defendant's motion to compel because defendant's mere allegation of wrongful government conduct was insufficient to make necessary preliminary showing of nondisclosure in violation of Brady).

The court cannot order the government to produce, and cannot itself perform an in camera review of documents that do not exist.  Moreover, the government has agreed to promptly turn over

---

[3]Defendant argues:

> Defendant Swan has a good faith belief that government investigators have interviewed each and every farmer-borrower of the First National Bank of Holdrege.  These interviews, only a few of which have been disclosed through an FBI 302 report, are relevant to the issues in this litigation.  Moreover, to the extent these interviews discuss Defendant Swan's limited role in the farmer-borrower loans then this information would tend to exculpate him.

See filing 46 (defendant's reply brief), p. 8.

to the defendant any additional FBI 302 reports that may become available. Accordingly, to the extent the defendant is requesting an order compelling production of existing FBI 302s, the request will be denied. However, consistent with the government's statement, the court will order the government to promptly produce any FBI 302s which may be created in the future that are relevant to its investigation of the charges against Swan.

    2.   <u>OCC Investigator Statements, Notes, and Correspondence</u>.

The defendant claims the FBI has failed to produce copies of documents and reports memorializing its discussions with investigators from the Office of the Comptroller of the Currency, ("OCC"). In support of this claim, the defendant states that an April 8, 2002 report authored by OCC National Bank Examiner Thomas Jorn verifies "continued discussions" between the OCC and FBI agents; the government has not produced corresponding statements reflecting these discussions; and the statements must be exculpatory because the OCC determined that the First National Bank of Holdredge (FNBH) records "all clearly noted the CLN/farmer note/HTA Other Assets relationship." Filing 24 (defendant's brief), p. 6.

The defendant also claims that although the government has provided the OCC's original 1998 report and 2002 follow-up report regarding its investigation of FNBH, he believes the documents underlying these reports must include exculpatory information because the 2002 OCC investigative report states no criminal referral was warranted. The defendant claims the government has not produced any correspondence, notes, or statements from either the FBI or the OCC relating to the 2002 report, and he believes

such documents must exist because the 2002 OCC report notes that FBI agents Rawalt and Schreus were in contact with the OCC. Filing 24, (defendant's brief), p. 9.

The government responds that the FBI does not have to prepare a 302 report of discussions with other government agencies; there is no showing that the FBI's "continued discussions" with the OCC lead to exculpatory information; and the government has already turned over all 302 reports, OCC reports, and documents related to the OCC investigation. Filing 39 (government's brief), pp. 3-5. As with the farmer-borrower reports, the defendant has failed to show that further exculpatory information exists. His motion to compel such information, and his request for in camera review, will be denied.

      3.   <u>Rough Notes from FBI Agents Conducting Interviews</u>.

As to the Form 302 reports produced by the government, the defendant claims the FBI failed to exercise diligence in preparing and drafting the reports. He claims the reports were not promptly transcribed after witnesses were interviewed, and therefore the agents' rough notes must be produced so the defendant can review the agent's present-sense impression from the interviews, unaltered by the collective information received during later interviews and investigations. "The only manner in which to preserve potentially exculpatory information contained in the notes is to preserve and disclose the notes to defendants." Filing 24 (defendant's brief), p. 24.

The government acknowledges that it is obligated to disclose any FBI "rough notes" which may reflect exculpatory or

impeachment information, but argues the FBI's delay in preparing 302 reports does not prove or tend to prove that the underlying rough notes contain exculpatory information not already disclosed. Filing 39 (government's brief), p. 4. There is no evidence that any witness interviewed contends his/her 302 report is inaccurate or incomplete. See e.g. U.S. v. Anderson, 36 F. Supp. 2d 1264 (D.Kan. 1998). Rather, "there is simply no indication, based upon the assertions made by the defendant, that turning over rough notes is warranted." Filing 39 (government's brief), p. 4. Accordingly, the defendant's motion to compel the FBI agents' "rough notes" will be denied.

    4.    <u>Evidence of Deals, Agreements or Understandings, Written or Oral, with Any Government Witness</u>.

The defendant claims he was indicted, but far more culpable bank officials were not. He therefore believes the government made either formal or informal agreements with other bank officials to testify and/or provide information against him in order to avoid criminal charges. He seeks disclosure of such information for impeachment purposes.

The government has responded as follows:

> The United States believes that this information should be turned over to the defendant. At the present time, there are simply no agreements that are currently in the possession of the United States. When agreements are executed with government witnesses, those will be turned over to the defense. Until that time, the government believes it is sufficient that the court note that the government's responsibility to produce <u>Brady</u> and <u>Giglio</u> material is ongoing and should be provided to the defendant at the earliest possible time.

9

Filing 39 (government's brief), p. 5.  The government's position is consistent with its legal obligations.  The court will enter an order accordingly.

### Motion for Bill of Particulars
### (filing 25)

Defendants Swan and Slominski have jointly moved for a bill of particulars.  "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite."  United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002).

As explained above, to the extent that filing 25 includes Slominski's request for a bill of particulars, the motion will be denied as moot.

Defendant Swan requests a bill of particulars which provides the following information:

1. The names of persons known to the government that are alleged to have conspired to violate the offenses set forthe in Count I of the Indictment.

2. The identity of the representative of CLN described in Count I of the Indictment.

3. The names of all persons attending meetings on or about April 1, 1996 as alleged in Count I, Paragraphs 7 and 8 of the Indictment.

10

    4.    The name of the Bank employee meeting with Harold Titus Swan and a representative of CLN on or about April 8, 1996 as alleged in Count I, Paragraph 10 of the Indictment.

    5.    Each representation the government alleges Harold Titus Swan made and the identity of each farmer to whom such representations were made as alleged in Court I, Paragraph 11 of the Indictment.

    6.    The identity of the "others" involved in devising the scheme alleged in Count I, Paragraphs 12 and 13 of the Indictment.

    7.    Each alleged false representation made by Harold Titus Swan to bank examiners as alleged in Count I, Paragraph 18 of the Indictment; the date of each alleged false representation; and to whom each such alleged false representation was made.

    8.    A listing of each and every materially false entry made in the books, reports and statements of the First National Bank of Holdrege as applicable to Counts II through XXIII of the indictment.

Filing 25 (Motion for Bill of Particulars), pp. 1-2. Swan claims the 35-page indictment lacks clarity and fails to provide even the most basic facts necessary to ensure that he is appropriately apprised of the charges and facts against him, and in particular, claims the indictment fails to provide necessary details concerning alleged co-conspirators and the alleged basis of the crimes charged. Filing 25 (Motion for Bill of Particulars), p. 2.

    The government's 35-page indictment was filed in May 2006, and Swan's counsel has represented him since June 2006. See filing 10. Rule 16 discovery was provided to the defendant by the government on July 21, 2006. See filing 16 (Government's Notice Pursuant to NECrimR 16.1(a)). The government has disclosed copies of all existing FBI 302 reports, OCC reports,

and documentary evidence of the FBI and OCC related to the investigation of this case, totaling three to four boxes of documentary information. Swan's motion for bill of particulars seeks more information and more detailed disclosures regarding the government's allegations and what it intends to prove at trial.

Nebraska Criminal Rule 12.3(b)(3), which became effective on August 6, 2004, states:

> In the case of a motion seeking discovery or disclosure of evidence, the motion must include a statement verifying that counsel for the moving party has conferred with opposing counsel in person or by telephone in a good-faith effort to resolve by agreement the issues raised by the motion and that the parties have been unable to reach such an agreement.

NECrimR 12.3(b)(3). The purpose of this rule is to require the parties to accept the initial responsibility of resolving any disputes over disclosure of information. A court may, as it has in this case, conduct multiple hearings regarding pretrial matters and case progression. However, counsel and the parties focus on the details of a case over a period of months and are much more informed concerning the disputed issues and the discovery exchanged. The parties are therefore better equipped to engage in informed discussions and potentially resolve disputes over pretrial disclosures of evidence or discovery. Although court intervention is sometimes necessary, the laboring oar for resolving discovery disputes should, and under this court's rules, does rest in the first instance with the parties. Requiring the parties to engage in good faith discussions before filing discovery motions allows for faster case progression and a more efficient use of judicial and attorney resources. These

policies underlying NECrimR 12.3(b)(3), while applicable to all criminal cases, are even more important in complex cases.

The government's case against Swan involves complex financial transactions, 23 separate charges of criminal conduct, and 52 alleged overt acts in furtherance of a criminal conspiracy. The government's brief states that some (but not all) of the requests set forth in the motion for bill of particulars could have been easily discussed by telephone; that as to some requests, the defendant's motion "borders on the ridiculous;" as to others, "it is simply incomprehensible" to believe the government should have to specify in a bill of particulars what has already been specified in the indictment; and that request 8 "is nothing more than an attempt to harass the United States." Filing 39 (government's brief), p. 7-8.

Whatever the merit of the government's characterizations and arguments, it is clear that discussing the matters raised by Swan's motion for bill of particulars may have substantially narrowed the issues now pending before me. That discussion should have occurred before the motion was filed. This court will not overlook the requirements of its local rules and expend judicial resources resolving the merits of defendant's motion for bill of particulars when the defendant has apparently made no good faith effort to resolve or limit the dispute on his own. Swan's motion for bill of particulars will be denied.

<u>Motion to Dismiss</u>
(filing 23)

<u>Motion to Strike Evidence in Support of Motion to Dismiss</u>
(filing 40)

Defendant Swan has filed a motion to dismiss, arguing that under the undisputed evidence, the government cannot prove the charges of the indictment. Specifically, the defendant claims that regulatory violations cannot establish criminal charges in the absence of additional evidence of criminal conduct, and no such evidence exists in this case because the uncontested facts fail to establish that he illegally concealed the true nature of nominee loans with the intent to deceive or defraud a financial institution. He therefore claims the indictment must be dismissed for lack of evidentiary support.

An indictment is sufficient if it includes the elements of the offense, provides adequate notice of the charge, and enables the defendant to plead double jeopardy as a bar to further prosecution. <u>Hamling v. United States</u>, 418 U.S. 87 (1974); <u>United States v. Hernandez</u>, 299 F.3d 984, 992 (8th Cir. 2002); <u>United States v. Diaz-Diaz</u>, 135 F.3d 572, 575-76 (8th Cir. 1998). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." <u>Hernandez</u>, 299 F.3d at 992.

Swan does not claim the indictment is facially defective. Rather, he argues "the government has charged a crime it cannot prove because the uncontested facts do not establish the criminal offenses charged." Filing 23 (Motion to Dismiss) p. 2, n. 1. In support of this argument, Swan offers the 2002 OCC report. See

14

filing 23, ex. 1.  The government has moved to strike the 2002 OCC report, arguing that the court cannot consider evidence beyond the face of the indictment when considering a pretrial motion to dismiss a criminal case.  Filing 40 (Government's Motion to Strike).

The defendant's motion to dismiss relies on an underlying assumption that the court may, on pretrial motion, decide whether the government has sufficient evidence to obtain a conviction and, if it decides in favor of the defendant, dismiss the indictment.  That assumption is incorrect.  A court cannot dismiss a facially valid indictment because it weighed the evidence supporting a probable cause finding and concluded the indictment is supported by incompetent or insufficient proof.

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.  The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.  This is not required by the Fifth Amendment.  An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.  The Fifth Amendment requires nothing more.

Costello v. U.S., 350 U.S. 359, 363 (1956).  See also United States v. Williams, 504 U.S. 36, 55 (1992)(a court cannot dismiss an otherwise valid indictment even if the prosecutor failed to present exculpatory evidence to the grand jury); United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985)(a facially valid indictment should not be dismissed for insufficient evidence if there is some competent evidence to sustain the charge issued).

Swan argues that this court should adopt and apply an exception to this rule.  Citing United States v. Finn, 919 F. Supp. 1305 (D. Minn. 1995), and United States v. Brown, 925 F.2d 1301 (10th Cir. 1991), Swan argues that this court can and should consider the OCC report and dismiss the indictment.  Finn, relying on Tenth Circuit law, stated "it is permissible, and even desirable in certain circumstances, for the Court to examine the factual predicates of an Indictment, particularly where material facts are undisputed, in order for the Court to ascertain whether the elements of the criminal charge can be shown."  Finn, 919 F. Supp. at 1343 (citing United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994); Brown, 925 F.2d at 1304).  However, in Finn, the government objected to the court's review of evidence in ruling on a motion to dismiss.  Recognizing the limited scope of the court's right to review such evidence, Finn "decline[d] any invitation to assess the weight of the anticipated evidence at Trial, and [assessed] the sufficiency of the challenged Counts upon the face of the Indictment's allegations. . . ."  Finn, 919 F.Supp. at 1344.

Though the Tenth Circuit does permit the trial court to consider evidence on pretrial motions to dismiss, that authority is limited to "circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case."  U.S. v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994).[4]  See also United States v.

---

[4]The defendant also relies on U.S. v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986).  However, Shortt upheld the trial court's refusal to conduct an evidentiary hearing on a motion to dismiss, holding that when a pretrial motion is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred until trial.

16

Risk, 843 F.2d 1059 (7th Cir. 1988)(holding that pretrial dismissals based on the undisputed facts may be warranted where the government fails to timely object). The parties have not cited, and the court has not found, any Eighth Circuit case adopting even this highly limited authority to review the sufficiency of evidence when ruling of pretrial motions to dismiss.

The government has objected and moved to strike the defendant's evidence in support of the motion to dismiss. Filing 40. Since the defendant's evidence, the 2002 OCC report, should not be considered, the government's motion to strike should be granted.

The defendant's motion to dismiss rests on his claim that the OCC 2002 report "effectively defuses the government's basis for the criminal charge." Filing 23 (defendant's motion to dismiss), p.9. The defendant has not challenged the sufficiency of the allegations of the indictment itself. I shall therefore recommend that Swan's motion to dismiss be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Court Judge, pursuant to 28 U.S.C. §636(b)(1)(B), that the government's motion to strike the defendant's evidence offered in support of his motion to dismiss, filing 40, be granted, and that defendant Swan's motion to dismiss, filing 23, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS FURTHER HEREBY ORDERED:

1. Defendant Swan's motion for leave to file a reply brief, filing 46, is granted, and the arguments set forth in the reply brief attached to defendant's motion have been considered in ruling on the defendant's non-dispositive pretrial motions and in issuing the report and recommendation on defendant's motion to dismiss.

2. Defendant Swan's motion to sever, filing 21, is denied as moot.

3. Defendant Swan's motion to compel disclosure of Rule 404(b) evidence, filing 22, is denied.  However, should the government later decide to offer Rule 404(b) evidence at trial, it must disclose this evidence to the defendant on or before May 31, 2007.

4. As to defendant Swan's motion to compel production of exculpatory materials, filing 24:

    a. Defendant's motion to compel production of existing FBI Form 302 reports containing exculpatory statements obtained from farmer-borrowers of the First National Bank of Holdrege, including those negating Swan's "intent to deceive," is denied.  However, if FBI Form 302 reports relevant to the charges against Swan are created in the future, the government shall promptly provide these documents to the defendant.

    b. Defendant's motion to compel production of exculpatory witness statements from the Office of the Comptroller of the Currency investigators interviewed by the FBI, and any notes, correspondence, and statements from the Office of the Comptroller of the Currency regarding its investigation of the books and records of the First National Bank of Holdrege, is denied.

    c. Defendant's motion to compel production of the FBI agents' "rough notes" for interviews conducted in this case is denied.

    d. Defendant's motion to compel production of any existing deals, agreements or understandings, written or oral, with any government witness, is denied.  However, the government's responsibility

>   to produce <u>Brady</u> and <u>Giglio</u> material is ongoing. If any oral or written deals, agreements or understandings are later made with any government witness, the government shall promptly provide this information to the defendant.

5.  As to the defendants' joint motion for bill of particulars, filing 25:

    a.  Defendant Slominski's motion for bill of particulars is denied as moot.

    b.  Defendant Swan's motion for bill of particulars is denied.

Dated January 29, 2007.

>                   BY THE COURT:
>
>                   s/ *David L. Piester*
>                   David L. Piester
>                   United States Magistrate Judge